IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| JESSE WILLIAM HOLLAND, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 19-CV-0246-GKF-FHM |
| JOE ALLBAUGH,[1] | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner Jesse William Holland, a state inmate appearing *pro se*, commenced this action on April 8, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1) in the United States District Court for the Western District of Oklahoma. The case was transferred to this Court on May 7, 2019. *See* Dkts. 6, 7. Petitioner paid the requisite $5 filing fee. *See* Dkt. 4. For the reasons that follow, the Court finds the habeas petition is subject to being dismissed without prejudice. Before this action may proceed, Petitioner must file an amended habeas petition to cure the deficiencies described below.

**I.    Background**

Petitioner challenges the judgment and sentence entered against him in the District

---

[1] Petitioner is currently incarcerated at the Lawton Correctional Facility (LCF), a privately-operated prison. Petitioner identified Hector Rios, the LCF's former warden, as the respondent in this action. However, because Petitioner is housed in a private prison, Joe Allbaugh, Director of the Oklahoma Department of Corrections, is the correct respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Court therefore directs the Clerk of Court to substitute Joe Allbaugh in place of Hector Rios as party respondent.

Court of Tulsa County, Case No. CF-2016-5318. Dkt. 1, at 1. In that case, an Oklahoma jury convicted Petitioner of trafficking in illegal drugs, acquiring proceeds from drug activity, possessing controlled drugs without a tax stamp, falsely personating another to create liability, and obstructing an officer (a misdemeanor). Dkt. 1-2, at 7-9. In accordance with the jury's sentencing recommendations, the trial court sentenced prisoner to respective prison terms of 51 years, 12 years, 4 years, 10 years and 1 year. *Id.* at 9. The trial court ordered the 1-year sentence to be served concurrently with the 10-year sentence, but ordered all other sentences to be served consecutively. *Id.*

Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising seven propositions of error. *Id.* at 1-2. According to Petitioner, the OCCA denied relief on September 27, 2018. Dkt. 1, at 2. Petitioner filed the instant federal habeas petition on April 8, 2019.

**II.     Analysis**

District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*. In this case, the habeas petition fails to comply with basic pleading requirements and local court rules and fails to clearly identify any federal habeas claims.

A federal habeas petition must either be on the court-approved form or provide the equivalent information required by that form. *See* Rule 2(d), *Rules Governing Section 2254 Cases in the United States District Courts*; LCvR 9.2(a). More specifically, a habeas

2

"petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c), *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, the petition consists of only three pages (pages 2, 3 & 16) of the 16-page court-approved form. Dkt. 1. Petitioner did sign the third page, as required. *Id.* at 3. However, on that same page, Petitioner left blank the portion of the form asking him to state the relief requested. *Id.* In addition, Petitioner fails to clearly identify any federal habeas claims. *See id.*, generally. In paragraph 9(f) of the petition, Petitioner lists five of the seven propositions of error he raised on direct appeal. Dkt. 1, at 2. But Petitioner does not specify which, if any, of these five propositions he intends to present as federal habeas claims. *Id.* In addition, even if the Court could construe the petition as raising the five habeas claims listed, Petitioner does not state any facts supporting these five claims. *Id.* With his petition, Petitioner submitted a copy of his 45-page state appellate brief. Dkt. 1-2. However, that brief contains seven propositions of error, along with facts and arguments in support of each proposition. *Id.* To the extent Petitioner intends to incorporate facts or arguments from that brief—either as to one or more of the seven propositions of error in the brief or as to one or more of the five propositions of error listed in his petition—that intent is not clear from the petition. *See* Dkt. 1, generally.

The Court acknowledges that Petitioner appears *pro se*, and the Court therefore must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the rule of liberal construction does not require a court to take on an advocacy role for a pro se habeas petitioner by identifying claims, developing arguments, and searching the record for supporting facts. *See id.* ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."); *see also Crawford v. Addison*, 526 F. App'x 893, 895 (10th Cir. 2013) (unpublished)[2] (liberally construing pro se appellant's filings but declining "to scour the record for factual support" of his claims); Rule 2(c), *Rules Governing Section 2254 Cases in the United States District Courts* (requiring habeas petitioner to state claims for relief and state supporting facts for each claim).

Nevertheless, the Court finds that the interests of justice would be served by allowing Petitioner to file an amended habeas petition. *See* Fed. R. Civ. P. 15(a)(2) (providing courts "should freely give leave" to amend pleadings "when justice so requires"); *see also* 28 U.S.C. § 2242 (providing habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying federal civil rules in habeas context).

Within 30 days of the entry of this opinion and order, or on or before June 12, 2019, Petitioner shall file an amended habeas petition on the court-approved form. In the amended petition, Petitioner shall identify the conviction(s) he is challenging and clearly set forth each federal habeas claim, along with relevant supporting facts for each claim, as required by the form, demonstrating that he is "in custody in violation of the Constitution

---

[2] The Court cites this unpublished decision for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner must also present each constitutional claim in compliance with the requirements specified in 28 U.S.C. § 2254(b). Pursuant to § 2254(b), habeas corpus relief may not be granted unless a petitioner has first provided the state courts with the opportunity to correct the alleged constitutional errors. The exhaustion requirement of § 2254(b) is satisfied if Petitioner fairly presented each of his federal claims to the OCCA or if circumstances exist that render state procedures ineffective to protect his federal rights.

Finally, Petitioner is advised that the amended petition "must be retyped or handwritten and filed so that it will be complete in itself including exhibits, without reference to the superseded pleading[s]," i.e., without reference to the original petition or any exhibits attached to the original petition. LCvR 9.2(c). If Petitioner would like this Court to consider the previously submitted attachments, he must resubmit those attachments with his amended petition. *See id.* (providing that the amended pleading "shall contain copies of all exhibits referred to in the amended pleading").

## III. Conclusion

The petition for writ of habeas corpus (Dkt. 1), filed April 8, 2019, is subject to being dismissed without prejudice to refiling for failing to comply with basic pleading requirements and local court rules and for failing to clearly identify any federal habeas claims. Before this action may proceed, Petitioner must file an amended habeas petition on the court-approved form, curing the deficiencies identified in this opinion and order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall substitute Joe Allbaugh in place of Hector Rios as party respondent.

2. Within 30 days of the entry of this opinion and order, or on or before **June 12, 2019**, Petitioner shall file an amended habeas petition, on the court-approved form, curing the deficiencies identified in this opinion and order.

3. The Clerk of Court shall send Petitioner a blank 28 U.S.C. § 2254 petition for writ of habeas corpus (form AO-241) marked "amended" and identified as **Case No. 19-CV-246-GKF-FHM.**

   **DATED** this 14th day of May 2019.

   GREGORY K. FRIZZELL
   UNITED STATES DISTRICT JUDGE