

AO 241
(Rev. 06/13)

FILED

JUN 0 3 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Oklahoma | |
|---|---|---|
| Name (under which you were convicted): Jesse William Holland | | Docket or Case No.: 19-CV-246-GKF-FHM |
| Place of Confinement : Lawton Correctional facility | Prisoner No.: 404882 | |
| Petitioner (include the name under which you were convicted) Jesse william Holland | Respondent (authorized person having custody of petitioner) v. Joe AllBaugh | |
| The Attorney General of the State of: | | |

### Amended
### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   TUlsA District Court
   500 S Denver Ave
   TUlsA ok 74103

   (b) Criminal docket or case number (if you know): CF-2016-5318

2. (a) Date of the judgment of conviction (if you know): June 16 2017

   (b) Date of sentencing: June 16 2017

3. Length of sentence: 77 yrs

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Trafficking 51yrs
   acquiring proceeds from Drug Activity 12 yrs
   Possession of Controlled drug w/o Tax Stamp 4 yrs
   Falsley Impersonate another to create Liability 10yrs

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty          ☐ (4) Insanity plea

✓ Mail    ___No Cert Svc    ___No Orig Sign
___C/J    ___C/MJ    ___C/Ret'd    ___No Env
___No Cpy's    ✓ No Env/Cpy's    ___O/J    ___O/MJ

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: *District Court of tulsA*

(b) Docket or case number (if you know): *Cf 2016-5318*

(c) Result: *Denied*

(d) Date of result (if you know): *Sept. 28 2018*

(e) Citation to the case (if you know): _____

(f) Grounds raised: *Prop. 1 Prosecutorial misconduct.*
*Prop II Trial counsil failed to subject the states case to meaningful*
*Adversal Testing./ III court plainly errored By allowing officer*
*testimong about appellants unwarned, incriminating custodial statements/*
*IV Trial counsils unreasonable errors prejudiced appellant and precluded*
*effective counsils Assistance / Trial counsil abused its descretion*
*when ordered appellants sentences to be served consecutivily* →

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following: *Western*

(1) Name of court: ~~Eastern~~ *District*

(2) Docket or case number (if you know): *19-CV-317R*

(3) Result: *Transfered to northern District*

_____

(4) Date of result (if you know): _____

VI The court lacked Jurisdiction to Impose the Count 2-4 Based on the Conviction Reflections In the Judgment and sentence Documents.

VII Culmulative Errors Deprived Appealant of Fair Proceedings and A Reliable outcome.

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): *N/A* _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *N/A* _____

(2) Docket or case number (if you know): *N/A* _____

(3) Date of filing (if you know): *N/A* _____

(4) Nature of the proceeding: *N/A* _____

(5) Grounds raised: *N/A* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☒ No

(7) Result: *N/A* _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____ *N/A* _____

    (2) Docket or case number (if you know): _____ *N/A* _____

    (3) Date of filing (if you know): _____ *N/A* _____

    (4) Nature of the proceeding: _____ *N/A* _____

    (5) Grounds raised: _____ *N/A* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result: _____ *N/A* _____

    (8) Date of result (if you know): _____ *N/A* _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____ *N/A* _____

    (2) Docket or case number (if you know): _____ *N/A* _____

    (3) Date of filing (if you know): _____ *N/A* _____

    (4) Nature of the proceeding: _____ *N/A* _____

    (5) Grounds raised: _____ *N/A* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☒ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Prosecutoral misconduct Deprived Appellant of His Due process to A fair trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Attached Brief
Assistant District Attorney Shields Improperly emphasied His own military Background causing the Jury to sympathize and Identify with the prosecution.
B- Prosecution Initionally elicited Improper testimony from from states witness. DA Shields: Said I want to Ask you Specifically about the defendent. Is he a drug Dealer Officer montgomery said yes.  →

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

C. The prosecution's First-stage closing Arguments disparaged the presumption of Innocence and attempted to shift the States Burden.

Prosecution Stated - this is not going to Be Hard. This is not difficult. Punishment is not Before you At this time — The Hardest Decision you Have at this point is Figuring out who your Fore Person is going to Be Because all the evidence Points to one thing. that he is incredibly guilty Individual. We will see you in about 15 min.

D States Inflamatory comments during Second stage closing arguments led to an excessive sentence.

make sure whatever punishment that you decide Keeps Him locked down for the rest of His life. Pick a number, whatever number you want. you can Pick 1000 years if you want.

E The States Unmistakable Refferece to purden and Purole policies Led to an excessive sentence.

The state admitted a Doc pack showing the appellant had Been convicted of 6 prior felonies. and Recieved the following Sentences
Ottawa Co. 20yrs. Split 8 in 12out CF-2010-348
Ottawa Co. 20 yrs split 8 in 12 out CF. 2010 - 348
Pottawatamie Co 2yrs Doc By private contractor CF 2003-125
Pottawatamie Co. 3yrs Doc CF 2001-331
Pottawatamie Co 3yrs Doc CF 2001 - 268
Pottawatamie Co 1 yrs Doc CF 2001-266

Prosecutions Stated that defendant had Been sentence to 49 yrs and Hes still here
Mrs Ateberg Lets do the minimum 27yrs well you notice that he has already Had a couple of 20 yr Sentences and Hes right there

F Prosecution mistated the law and Impoperly ridacules defense counsil.

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *N/A*

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know):    *N/A*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ ~~Yes~~    ☒ ~~No~~

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ ~~Yes~~    ☒ ~~No~~

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *N/A*

Docket or case number (if you know):    *N/A*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:    *N/A*

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** The court Plainly Errored By Allowing officer testimony about appellants Unwarned, Incriminating Custodial Statement. The statement was Key to mr Hollands Count 2 conviction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Attached Brief
When officer montgomery had the appealant in Jail During the Book in process He asked appealant about His employment appealant Indicated He Had no Job, Montgomery testified that this was Significant in Identifying the $11190.°° as narcotics proceeds. The record does not Indicate that mr Holland was Ever read His rights

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): *N/A*

_____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ ~~Yes~~ ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ ~~Yes~~ ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

_____

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** Trial counsil failed to subject the states case to meaningful Adversarial Testing Appealent's constitutional right to counsil was compromised to the extent that Prejudice should Be Presumed (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Brief

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _____

_____ _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _____

_N/A_

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _District Court_

_OF Tulsa_

Docket or case number (if you know): _____

Date of the court's decision: _Sep 27 2018_

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  N/A

**GROUND FOUR:** Alternatively, Trial counsils unreasonables Errors prejudiced Appecants and Precluded Effective Assistance Ass'stance

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attatched brief— Attourney Did not Bring up the 21.4 gram Diffrence in weight. Was 71.4 grams the weight 65.5 grams then 51 grams. Set forth in Proposition II Mr Hollands unwarned Statement about being Jobless was Improperly admitted at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  N/A

Counsil failed to object several unseemly Prosecuteral statements. ~~Ean~~

1. Improper statements about military carreer

2. In guilt stage ~~attempte~~ ~~District~~ ~~Attorney~~ Counsil Did not object to the states Inappropriate arguments trivilizing the guilt stage. and attempting to shiF Burden of Proof.

3. Counsil Did not object to the states improper arguments to send him a message pick 1000 years. If you want. Stop this carrer criminal.

4. Reguarding the States misstatement of Law that a finding of guilt after 2 or more prior Convictions was required on all counts If the Jury found similar on any count. Mrs Attebery correctly objected Initially But Interposed no objection to prosecuters argument Imediantly there After.

This constitutes Ineffective assistance of counsil There is little doubt that states inappropriate Second Stage arguments Influence the Jury Had Trial counsil objected to these comments There is Resonable probability that Appellant would not have recieved an aggregate 78 year sentence.

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
*N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

**GROUND FIVE:** The Trial court abused its Discretion when It ordered Appealants Sentences To Be served consecutivly

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Brief attached - Trial courts Decision to run Sentences consectutively for an abuse of Discretion.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c)   **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ' (Yes) ' No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

' Yes ' (No)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?　　　'　Yes　'（No）

(4) Did you appeal from the denial of your motion or petition?　'　Yes　'（No）

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　'（Yes）　'　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Tulsa District court.*
*Court of Criminal appeals*

Docket or case number (if you know):

Date of the court's decision: *9-27-18*

Result (attach a copy of the court's opinion or order, if available): *Denied*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: *By Appeal*
*State Appeal to court of criminal appeals*

**Ground Six:** The court lacked Jurisdiction to Impose the count 2-4 Sentences Based on the Convictions Reflected Judgement and Sentence documents.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attatched Brief — Judgement and Sentences were ordered Incorractly on counts 2-4 and ~~Fega~~. if not amended require modification.

(b) If you did not exhaust your state remedies on Ground Six, explain why: N/A

(c) **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  , (Yes)  , No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

, Yes  , (No)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: *N/A*

_____

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  '  Yes  '  (No)

(4) Did you appeal from the denial of your motion or petition?  '  Yes  '  (No)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  '  Yes  '  (No)

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

_____

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: _____

_____

**Ground Seven:** Cumlative Errors Deprives Appeldant of a fair proceeding and a Reliable Outcome

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Errors in this case taken together Deprives appellant of a fair trial

(b) If you did not exhaust your state remedies on Ground Seven explain why: N/A

(c) **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ⟶ Yes ⟶ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
⟶ Yes ⟶ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: _N/A_____

_____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

(3) Did you receive a hearing on your motion or petition? ' Yes ' No

(4) Did you appeal from the denial of your motion or petition? ' Yes ' No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ' Yes ' No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_____

_____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_N/A_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: _N/A_____

_____

_____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

        *N/A*

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *Western district. it was transfered to northern District*

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

(a) At preliminary hearing:   _Beverly Atteberry  Tulsa Ok_

(b) At arraignment and plea:   _Beverly Atteberry  Tulsa Ok_

(c) At trial:   _Beverly Atteberry  Tulsa Ok_

(d) At sentencing:   _Beverly Atteberry  Tulsa Ok_

(e) On appeal:   _Chad Johnson OIDS Norman Ok_

(f) In any post-conviction proceeding:   _N/A_

(g) On appeal from any ruling against you in a post-conviction proceeding:

_N/A_

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?        ☒ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_Craig Co. Judicial court  Vinita Ok
7 yrs._

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:   _7 yrs_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?        ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Appealant respectfully requests that the Judgement and sentence of District court Be reversed and the case Be remanded for a new*

or any other relief to which petitioner may be entitled. *Trial. In the Alternative, Appellant asks that sentence Be favorably modified.*

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _5-28-19_ (month, date, year).

Executed (signed) on _5-26-19_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

AO 241 (Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may file a motion to proceed in forma pauperis (as a poor person) using the appropriate form available from the Clerk of Court. You will be required to submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If the balance in your account(s) exceeds $15.00, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

> Clerk of Court
> United States District Court
> 333 West Fourth Street, Room 411
> Tulsa, OK 74103

9. The court does not require additional copies of any filings. To receive a file-stamped copy of the motion by return mail, you must send a copy of the motion, along with a self-addressed envelope with sufficient postage affixed for return of the copy to you.

10. **CAUTION**: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

11. **CAPITAL CASES**: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Jesse Holland
404882 ses B 201 LCF
8607 SE Flower Mound Rd
Lawton OK 73501



$ 002.800
MAILED FROM ZIP CODE 73501
MAY 31 2019

Postmarked 5/31/19-06

19-CV-246 GKF FHM

RECEIVED

JUN 0 3 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

Clerk, United States District Court
Northern District of Oklahoma
333 West Fourth Street Room 411
Tulsa OK, 74103-3819

MAY 3 1 2019

LEGAL MAIL



This correspondence is from an inmate and/or facility
of the Oklahoma Department of Corrections and/or is
For specific information about an inmate and/or its
correspondence, such as the identity of the sender,
etc., refer to one's own ODOC Offender Lookup or
Lookup the ODOC website of possible inmate and/or its
Further, the ODOC is not responsible represents ODOC
or contact, see a "Offender" informational envelope, please
or contact, the facility is not responsible if the item mmay
the facility held at GEOLCF* and mailed to 580-310-2778.
the facility held at GEOLCF* and mailed may be returned to